MARY M. HILTS, Appellant, v. E. W. McFARLAND *et al.*

EVIDENCE insufficient to show that plaintiff was not bound by a partition suit or that a deed from her was obtained by fraud.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, MAY 22, 1894.

THIS is a suit in equity, by which the plaintiff seeks to set aside a a deed to certain real estate, and to recover an undivided interest in eighty acres of land, in which she claims to be a tenant in common with the defendants. The cause was fully heard on its merits, and there was a decree for defendants. Plaintiff's appeal.—*Affirmed.*

*J. M. Goodson* for appellant.

*S. R. Dyer* and *R. F. Jordan* for appellees.

ROTHROCK, J.—It appears from the record that C. J. McFarland died intestate in April, 1862. He was the owner of eighty acres of land. He

left surviving him a widow and three children. By the statute then in force in this state, the widow was entitled to dower for life in one third of the land. The plaintiff, Mary M. Hilts, then Mary M. McFarland, is one of the children. The records of Boone county show that in the year 1880 the widow and the plaintiff herein commenced an action against the other heirs for the partition of said land, and that an order was made confirming the shares, and referees were appointed, and one half of the land was sold, and the sale approved. The other half of the land had been sold for taxes, and a tax deed made therefor, and the referees reported that fact, and it was not sold under the partition proceedings. In the year 1883 the plaintiff executed and delivered a quitclaim deed to J. I. McFarland, one of the defendants herein, which divested her of any claim to the forty acres not sold under the partition proceedings. The plaintiff's cause of action is founded on two alleged facts. One is that she did not authorize the commencement and maintenance of the action for partition, and that her name was used as a plaintiff therein without her knowledge or consent. The other contention is that the said quitclaim deed was procured from her by fraud and misrepresentation. It will be observed that the plaintiff, by the averments of her petition, makes an assault upon a decree of the district court entered some ten years before this action was commenced, in which the record shows she was a party plaintiff. The presumptions are all in favor of the validity of the proceedings. The plaintiff testified as a witness that she did not authorize the commencement of the suit in partition, and had no knowledge of it. Other evidence in the case shows quite satisfactorily that the plaintiff is, to say the least, mistaken as to the fact. The contention that the quitclaim deed was procured from her by fraud is not sustained by the evidence. It appears from a fair preponderance of the evidence that she knew that the paper she signed was a deed to the land, and she signed it voluntarily, and she admits that she received the sum of fifty dollars for executing the deed. It is urged that, as there were delinquent taxes and tax liens on the land, and as one of the defendants purchased the same at the partition sale, the purchase should be regarded in equity as a mere redemption from taxes and tax sales by one of the cotenants, and that plaintiff has the right to redeem from him by paying the proper amount of money necessary for that purpose. It must be remembered that the decree in partition was procured by the plaintiff, and the sale was made in a regular and legal manner, and it ought not to be contended now that the partition suit was a mere sham proceeding. We do not set out the evidence in detail in determining questions of fact. A careful consideration of the whole record leads us to the conclusion that the decree of the district court is right, and it is AFFIRMED.